UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 14-20339

v.

                                    HONORABLE DENISE PAGE HOOD

SAADIQ SHABAZZ (D-4),

    Defendant.
_____/

**ORDER WITHDRAWING LETTER REQUEST
TO WITHDRAW AS COUNSEL,
DENYING MOTION FOR REVOCATION
OF DETENTION ORDER
AND
EXTENDING PLEA CUT-OFF DATE TO DECEMBER 9, 2015**

**I.    BACKGROUND**

A First Superseding Indictment[1] was entered on September 28, 2015 against Defendants Ramadan Shabazz, Angel Ligon and Saadiq Shabazz alleging: Uttering and Possessing Counterfeited Securities of the United States and Private Entities, 18 U.S.C. § 513(a) (Count One/All 3 Defendants); Wire Fraud, 18 U.S.C. § 1343 (Count Two/All 3 Defendants); Conspiracy to Defraud the United States, 18 U.S.C. § 371 (Count Three/All 3 Defendants); Tampering with a Witness by Physical Force or

---

[1] Defendant Catherine Taliercio was named in the original Indictment and was sentenced on July 21, 2015.

Threat, 18 U.S.C. § 1512 (Count Four/Saadiq Shabazz); and Forfeiture Allegations, 18 U.S.C. § 981, 28 U.S.C. § 2461. (Doc. No. 78) Currently before the Court is Saadiq Shabazz's Motion for Revocation of Detention Order. A response has been filed by the Government. Saadiq Shabazz also filed a letter to the Court requesting new counsel. No response was filed to that letter.

## II. MOTION FOR REVOCATION OF DETENTION ORDER

On July 14, 2015, Saadiq Shabazz was arrested in Texas on a criminal complaint filed in this District and was ordered detained by a magistrate judge in the Northern District of Texas. Saadiq Shabazz was then removed to this District with his first appearance held on August 5, 2015 and was temporarily detained by the magistrate judge. The magistrate judge entered an Order of Detention Pending Trial on August 7, 2015, continuing the Texas magistrate judge's order or detention. (Doc. No. 12) Saadiq Shabazz moves to revoke the detention order issued by the magistrate judge in Texas. The Government opposes the motion.

The Court may review the Magistrate Judge's order detaining a defendant. 18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a *de novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention

if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

The Court makes the following findings:

(1) As to the nature and circumstances of the offenses charged, the First Superseding Indictment alleges that Defendants carried out a scheme whereby they would open a bank account for the purpose of executing and effecting the counterfeit scheme. Defendant would manufacture counterfeit business checks using the account and routing numbers from the previously opened bank account. The counterfeit checks would then be presented to third-party businesses, with the intent to defraud said business by negotiating the checks into cash. Defendants are alleged to have

knowingly and willfully defrauded banks insured by the FDIC by passing counterfeit business checks using Wells Fargo bank accounts. Saadiq Shabazz is also charged with threatening co-defendant and witness Angel Ligon by stating, "Bitch, I'll beat you up right now. I read your statement. You snitch?" The threat intended to cause Angel Ligon to withhold testimony at trial. Count One carries up to 10 years of imprisonment; Count Two up to 30 years of imprisonment; Count Three up to 5 years of imprisonment and Count Four up to 20 years of imprisonment.

(2) As to the weight of the evidence against the person–the Indictment establishes probable cause for the offenses. *Hazime,* 762 F.2d at 37.

(3) As to the history and characteristics of the person–according to the pretrial report, Saadiq Shabazz gave a different addresses to pretrial in Texas (Turbet Lane, Forth Worth, Texas) and pretrial in this District (Lemon Drive, Arlington, Texas). Saadiq Shabazz's criminal history according to the NCIC begins in 1996 through December 10, 2011 when he was arrested for driving with an invalid license. The pretrial report notes he receives "business income" and notes Perfect Scents Candles as the employer.

(4) As to the nature and seriousness of the danger posed by the person's release–Saadiq Shabazz has a history of burglaries, thefts, aggravated robbery with a deadly weapon, uttering and publishing and forgeries. The current Superseding

Indictment alleges Saadiq Shabazz threatened co-defendant Angel Ligon.

(5) As to risk of flight–if ordered to remain in this District, there is a risk of flight since Saadiq Shabazz has no ties in this District. His mother's residence and his current residence are in Texas. Defendant also has a history of evading arrest.

Based on the findings stated on the record and set forth above, the Court denies Saadiq Shabazz's Motion to Revoke Detention Order.

### III. LETTER/REQUEST TO HAVE COUNSEL WITHDRAW (#84, 10/16/15)

Lawrence Shulman was appointed as counsel for Saadiq Shabazz on August 6, 2015. Saadiq Shabazz's letter indicates that he recently asked his counsel to withdraw from representing him. Saadiq Shabazz claims Mr. Shulman has lied to him numerous times and he constantly asks him to work with the prosecution against his brother, co-defendant Ramadan Shabazz. Saadiq Shabazz further claims Mr. Shulman is always so negative and he feels like his counsel does not have Saadiq Shabazz's best interest. (Doc. No. 84) At the hearing, Saadiq Shabazz withdrew his request for a new attorney.

### IV. CONCLUSION

For the reasons set forth on the record and above,

IT IS ORDERED that Defendant Saadiq Shabazz's Letter/Request to Withdraw as Counsel **(No. 84)** is WITHDRAWN and is now MOOT.

IT IS FURTHER ORDERED that Defendant Saadiq Shabazz's Motion for

Revocation of Detention Order (**Doc. No. 89**) is DENIED.

IT IS FURTHER ORDERED that the plea cut-off date for Defendant Saadiq Shabazz is extended to December 9, 2015. All other dates remain.

<pre>
                        S/Denise Page Hood
                        Denise Page Hood
                        United States District Judge
</pre>

Dated: November 19, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 19, 2015, by electronic and/or ordinary mail.

<pre>
                        S/LaShawn R. Saulsberry
                        Case Manager
</pre>